IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

The Cumberland Insurance Group a/s/o          )
Pang Brothers, Inc. and Nationwide Mutual     )
Fire Insurance Company, a/s/o Kolander        )
Group d/b/a Cici's Pizza,                     )
                                              )
                    Plaintiffs,               )
                                              )   Civil Action No. 08-1692
        vs.                                   )
                                              )
Spark and Arc Electrical Heating & Cooling,   )
Shearer Heating & Air Conditioning, Inc.,     )
Professional Mechanical Sales and             )
Services, Inc., Peterson Construction, LLC,   )
and Code.sys Code Consulting, Inc.            )
                                              )
                    Defendants,               )
                                              )
        vs.                                   )
                                              )
Code.sys Code Consulting, Inc.,               )
                                              )
                    Third-Party Defendant,    )
                                              )

AMBROSE, District Judge

## OPINION
## AND
## ORDER OF COURT

This is a property damage subrogation action arising out of a fire on September 27, 2007

at Cici's Pizza on Freeport Road in Pittsburgh, Pennsylvania. Pending before the court is a

Motion to Dismiss filed by Third-Party Defendant Code.sys Consulting, Inc. ("Code.sys")

seeking to dismiss under Federal Rule of Civil Procedure 12(b)(6) the Third-Party Complaint for

negligence and breach of contract filed against it by Defendant Professional Mechanical Sales

and Services, Inc. ("Professional Mechanical"). (Docket No. 59). Professional Mechanical as

well as co-Defendants Shearer Heating and Air Conditioning, Inc. ("Shearer") and Peterson

Construction, LLC ("Peterson Construction") oppose the motion to dismiss. (Docket Nos. 70, 73, 75). Also pending is Code.sys's Rule 12(b)(6) Motion to Dismiss the claims for breach of contract, breach of express and implied warranty, and negligence that Plaintiffs assert against Code.sys in their Amended Complaint. (Docket No. 64). Plaintiffs oppose the motion. (Docket No. 78). After careful consideration of the same, Code.sys's motion to dismiss the Third-Party Complaint (Docket No. 59) is granted and its motion to dismiss the claims against it set forth in Plaintiffs' Amended Complaint (Docket No. 64) is granted in part and denied in part as more fully set forth below.

## OPINION

### I. Factual Background[1]

Plaintiff Cumberland Insurance Group provided property insurance to Pang Brothers, Inc., ("Pang Brothers") the owner of the subject property in this case. Plaintiff Nationwide Mutual Fire Insurance Company provided property insurance to Kolander Group d/b/a CiCi's Pizza ("Kolander") who rented the subject property from Pang Brothers. Pang Brothers and Kolander are collectively referred to herein as the "subrogors."

Prior to October 2004, Kolander retained Defendant Peterson Construction as a general contractor. Peterson Construction retained Defendant Shearer to install an air conditioning unit at the subject property. Peterson Construction retained Defendant Spark and Arc Electrical Heating and Cooling ("Spark and Arc") to perform electrical work on the air conditioning unit installed by Shearer. Upon completion of the electrical work performed by Spark and Arc, O'Hara Township retained Code.sys to perform the electrical inspection and approve the

---

[1]    Unless otherwise noted, the facts in this section are taken from Plaintiffs' Amended Complaint (Docket No. 57) or Professional Mechanical's Complaint to Join Third-Party Defendant (Docket No. 45).

2

electrical work. According to the Complaint to Join Third-Party Defendant, Code.sys left its inspection sticker on an electrical panel at CiCi's pizza indicating that the electrical inspection was completed on October 13, 2004. Third-Party Compl. ¶ 17.

On or about September 27, 2007, Kolander retained Professional Mechanical to repair the air conditioning unit on the subject property. On or about that same date, a fire erupted at the property. The fire allegedly was ignited and caused by an electrical malfunction at or about the air conditioning unit and resulted in significant damages to the subrogors' property and the imposition of additional expenses.[2] Plaintiffs allege that the damages resulting from the fire caused them to pay certain claim monies to the subrogors pursuant to the terms and conditions of the applicable insurance policies provided to the subrogors.

## II.   Legal Analysis

### A.   Legal Standard

Code.sys filed its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding whether to grant or deny a 12(b)(6) motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted); see also

---

2    According to the Complaint to Join Third-Party Defendant, an investigation into the fire at issue revealed that an HVAC unit designated as Roof Top Unit No. 2 was not properly grounded in accordance with the requirements of the National Electric Code. More specifically, the ground wire for the power cable was connected at its circuit breaker panel end, but was not connected at its service disconnect box end. Third-Party Compl. ¶ 10.

Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in Ashcroft v. Iqbal, ___ U.S.___, 129 S. Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted).

In Iqbal, the Court specifically highlighted the two principles which formed the basis of the Twombly decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. Id. at 1949-50; see also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will survive a motion to dismiss only if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Iqbal, 129 S. Ct. at 1950; Fowler, 578 F.3d at 210-11. Where well-pleaded facts do not permit the court to infer more than the mere possi bility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Iqbal, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)).

### B. **Motion to Dismiss Third-Party Complaint**

Professional Mechanical's Complaint to Join Third-Party Defendant asserts claims for breach of contract and negligence against Code.sys. Docket No. 45. Code.sys moves to dismiss both counts. After careful consideration and for the reasons set forth below, Code.sys's motion is granted.

4

## 1. Breach of Contract

Professional Mechanical's breach of contract count asserts that Code.sys "breached the contract it had with the party who retained it to perform the electrical inspection at the building at issue by certifying that the electrical connections were safe and in compliance with the National Electric Code when the electrical work performed by Spark and Arc and/or others was unsafe, not completed in accordance with proper and safe industry electrical practices, and not performed in accordance with the requirements of the National Electric Code." Id. ¶ 20. The complaint further avers that "[a]s a direct and proximate result of the breach of contract by Code.sys, it failed to discover and to require correction of the improper grounding of RTU no. 2, said improper grounding being the proximate cause of the fire at issue." Id. ¶ 21.

As an initial matter, the parties agree that there is not, and never was, any contract between Professional Mechanical or any other party to this lawsuit and Code.sys. Thus, the only issue is whether Professional Mechanical is a third-party beneficiary of a contract between Code.sys and another entity regarding an electrical inspection of the building at issue. Id. ¶ 22. The parties agree that the Pennsylvania Supreme Court has adopted Restatement (Second) Contracts § 302 for determining when a party is a third party beneficiary of a contract, creating a two-part test:

> (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Guy v. Liederbach, 459 A.2d 744, 751 (Pa. 1983); see also Scarpitti v. Weborg, 609 A.2d 147, 149-51 (Pa. 1992).

Code.sys argues that although the Third-Party Complaint asserts that all of the Defendants were third-party beneficiaries of Code.sys's contract with an unnamed party, it does

5

not allege the above elements required for third-party beneficiary status under Pennsylvania

law. Br. Supp. (Docket No. 60) at 4. Specifically, Code.sys states that without the contract in

question, Professional Mechanical cannot know or assert that the parties to the unidentified

contract intended to grant Professional Mechanical or the other Defendants the benefit of

Code.sys's performance. Id. at 4-5. Professional Mechanical responds that subsequent to filing

the Third-Party Complaint, it discovered that O'Hara Township retained Code.sys to perform

electrical inspections.[3] Without citation or elaboration, Professional Mechanical asserts that "the

safety of persons and properties was within the contemplation of the Township and Code.sys at

the time of contracting" and that:

> the circumstances indicate that Code.sys intended to give property owners,
> tenants and any other persons or entities that could potentially experience
> damages as a result of fire hazards the benefit of the promise of Code.sys to
> inspect the properties for compliance with applicable ele ctrical standards and
> codes. Therefore, the property owner, tenants and Professional Mechanical are
> third party beneficiaries of the contract between the Township and Code.sys.

Br. Opp. (Docket No. 70) at 3-4.

After reviewing the parties' arguments and the allegations in the Third-Party Complaint, I

find that Professional Mechanical does not state a plausible claim for breach of contract. In this

regard, I agree with Code.sys that the Third-Party Complaint is "devoid of any facts that would

support the blanket pron ouncement that all of the parties to this litigation were third-party

beneficiaries" of the alleged contract under Guy and Scarpitti. Although, for the reasons set

forth below, I find that Plaintiffs' breach of contract claim set forth in the Amended Complaint

may proceed at this stage on a third-party beneficiary theory, nothing in the Third-Party

Complaint permits me to conclude that the parties to the alleged contract intended to extend the

---

3      Professional Mechanical does not provide any details regarding the actual contents of this alleged
       contract.

benefits of any promised performance to a company hired three years after the inspection to repair the air conditioning unit or to the contractors that installed the equipment prior to the inspection.

Accordingly, Code.sys's motion to dismiss Professional Mechanical's breach of contract claim against it is granted.

## 2. Negligence

Professional Mechanical's negligence claim against Code.sys alleges that "Code.sys owed a duty of reasonable care relative to its inspection of the electrical wiring in the building at issue . . . and owed a duty not to approve the electrical work performed by Spark and Arc and/or others unless it was safe, performed in compliance with proper and safe industry electrical practices, and met the requirements of the National Electrical Code." Third Party Compl. ¶ 24. The Third Party Complaint further alleges that "Code.sys negligently approved the electrical wiring in the building . . . even though Spark and Arc and/or others had not safely and properly connected the ground wire for RTU no. 2." Id. ¶ 25. Code.sys moves to dismiss this negligence claims on the grounds that the pleading is devoid of any facts suggesting that Code.sys owed and/or breached a duty to Professional Mechanical. I agree.

Although, as set forth above, the Third Party Complaint alleges generally that Code.sys breached a duty, it does not allege that the company owed that duty to Professional Mechanical, nor do the facts plausibly establish the existence of such a duty. In particular, the Third Party Complaint does not allege that Code.sys had any relationship with Professional Mechanical or any other subsequent contractor either at the time of Code.sys's 2004 inspection or at the time of Professional Mechanical's repair work in 2007 that would give rise to a duty of care. See Gavula v. ARA Servs., Inc., 756 A.2d 17, 22-23 (Pa. Super. Ct. 2000) ("Duty, in any

7

given situation, is predicated on the relationship existing between the parties at the relevant time."). Likewise, I cannot infer such a duty from the allegations in the Third Amended Complaint. In this regard, I agree with Code.sys that "Professional Mechanical has not alleged any logical or legal reason why a Code.sys inspection in 2004 created a legal duty to Professional Mechanical or other unforseen contractors and repairmen who came on the scene three years later." Code.sys Br. Supp. (Docket No. 60) at 5.

Accordingly, Code.sys's motion to dismiss Professional Mechanical's negligence claim against it is granted.

## C.    Motion to Dismiss Counts Against Code.sys in Amended Complaint

Code.sys also moves to dismiss the negligence, breach of contract, and breach of warranty counts Plaintiffs assert against it in their Amended Complaint. See Am. Compl. (Docket No. 57) ¶¶ 80-94 (Counts XIII, XIV, XV). For the reasons that follow, the motion to dismiss the breach of warranty claims is granted and the motion to dismiss the breach of contract and negligence claims is denied.

### 1.    Negligence

Unlike with Professional Mechanical, Code.sys does not argue that it did not have a duty toward the subrogors in this case. Rather, Code.sys's only argument in support of dismissal of Plaintiffs' negligence claim against it is that the Amended Complaint does not sufficiently allege breach of duty because it does not contain any allegation that the alleged dangerous condition in the air conditioner that purportedly caused the fire in 2007 was present at the time of Code.sys's 2004 inspection. Br. Supp. (Docket No. 65) at 6. I disagree.

The Amended Complaint plainly alleges that the air conditioning unit was improperly installed in 2004 prior to Code.sys's inspection. See, e.g., Am. Compl. ¶¶ 12-15, 22-23, 37-38,

8

52-53, 82-84. The Amended Complaint further avers that Code.sys breached a duty to the subrogors by, *inter alia*, failing to remediate, mark, or otherwise notify or alert them of the existence of an unsafe condition involving the wiring of the air conditioning unit. Id. ¶ 81-84. I find that, viewed in the light most favorable to Plaintiffs, these factual allegations state a plausible claim that the dangerous condition in the air conditioner that caused the fire at issue existed prior to Code.sys's inspection.

Accordingly, Code.sys's motion to dismiss Plaintiffs' negligence claim against it on this basis is denied.

### 2.     Breach of Contract

Code.sys argues that I must dismiss Plaintiffs' breach of contract claim against it because there is no contract between subrogors and Code.sys and the Amended Complaint does not allege the elements required for third-party beneficiary status under Pennsylvania law. Br. Supp. (Docket No. 65) at 4-5. Although the Amended Complaint specifically avers that Pang Brothers (the property owner) was a third-party beneficiary of Code.sys's contract with O'Hara Township (Am. Compl. ¶ 87), Code.sys contends that the pleading is devoid of any facts that would support that contention. Br. Supp. at 4. Specifically, Code.sys contends that Plaintiffs have not identified the relevant contractual provision that confers a benefit upon Pang Brothers and that without the contract in question, Plaintiffs cannot assert that the parties intended to grant Pang Brothers the benefit of Code.sys's performance[4].

Code.sys's argument is unpersuasive. The standard in Pennsylvania for determining when a party is a third party beneficiary of a contract is set forth in Section II.B.1, supra.

---

4     To further support its argument, Code.sys again argues that the Amended Complaint fails to indicate that the purported problem with the air conditioner predated Code.sys's 2004 inspection. Br. Supp. at 4. As set forth in the previous section, I disagree.

Although I disagree with Plaintiffs that the circumstances indicate that Code.sys intended to give
the benefit of its promise to inspect the property to <u>all</u> persons and entities that could potentially
experience damages as a result of fire hazards, I find it plausible, based on the allegations in
the Amended Complaint, that Code.sys and O'Hara Township intended to extend the benefit of
Code.sys's promised performance at least to Pang Brothers as the property owner[5].

Accordingly, Code.sys's motion to dismiss Plaintiffs' breach of contract claim against it is
denied.[6]

### 3.     Breach of Warranty

In their Brief in Opposition, Plaintiffs do not respond to Code.sys's motion to dismiss the
breach of warrant y claims or otherwise address those claims.   Accordingly, the motion to
dismiss Count XV of the Amended Complaint (breach of express and implied warranties against
Code.sys) is granted as unopposed.

### III. CONCLUSION

For all of the reasons set forth above, Code.sys's Motion to Dismiss the Third-Party
Complaint (Docket No. 59) is granted, and the Complaint to Join Third-Party Defendant (Docket
No. 45) is dismissed.   Code.sys's Motion to Dismiss the counts set forth against it in Plaintiffs'
Amended Complaint (Docket No. 64) is granted with respect to the breach of warranty claim
(Count XV) and denied with respect to the negligence and breach of contract claims (Counts
XIII and XIV).

---

5     Code.sys does not argue, under the first prong of the third-party beneficiary test, that, if the
      contracting parties intended Pang Brothers to be a third-party beneficiary, recognizing Pang
      Brothers' right would be inappropriate to effectuate that intent.

6      In making this ruling, I do not find as a matter of law that Pang Brothers was a third-party
      beneficiary of the alleged contract between O'Hara Township and Code.sys, only that Plaintiffs'
      Amended Complaint, taken as true, states a plausible breach of contract claim.   The parties may
      readdress Pang Brothers' third-party beneficiary status, if appropriate, at a later stage of the
      proceedings upon a more fully developed record.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

The Cumberland Insurance Group a/s/o )
Pang Brothers, Inc. and Nationwide Mutual )
Fire Insurance Company, a/s/o Kolander )
Group d/b/a Cici's Pizza, )
 )
                        Plaintiffs, )        Civil Action No. 08-1692
    vs. )
 )
Spark and Arc Electrical Heating & Cooling, )
Shearer Heating & Air Conditioning, Inc., )
Professional Mechanical Sales and )
Services, Inc., Peterson Construction, LLC, )
and Code.sys Code Consulting, Inc. )
 )
                        Defendants, )
 )
    vs. )
 )
Code.sys Code Consulting, Inc., )
 )
                Third-Party Defendant, )
 )

AMBROSE, District Judge

## ORDER OF COURT

AND now, this 22nd day of April, 2010, upon consideration of Code.sys Code Consulting,
Inc.'s Motion to Dismiss the Third-Party Complaint filed by Defendant Professional Mechanical
Sales and Services, Inc. (Docket No. 59), it is ordered that the Motion is granted and the
Complaint to Join Third-Party Defendant (Docket No. 45) is dismissed. It is further ordered that
Code.sys Code Consulting, Inc.'s Motion to Dismiss Counts XIII, XIV, and XV of Plaintiffs'
Amended Complaint (Docket No. 64) is granted with respect to Count XV (breach of express
and implied warranties) and denied in all other respects.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. District Judge